IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Jimmy Stewart, Jr., ) | |
| ) | Civil Action No. 7:17-cv-1023-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Gestamp South Carolina LLC, ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Jimmy Stewart, Jr. ("Plaintiff"), filed this action alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 1981 and 1983.[1] (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 51), issued June 8, 2018, recommending that the court grant defendant Gestamp South Carolina LLC's ("Defendant") motion for summary judgment (ECF No. 31). On June 22, 2018, Plaintiff filed objections to the Report. (ECF No. 52). On June 29, 2018, Defendant filed a response to Plaintiff's objections. (ECF No. 54).

The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge,

---

[1] While Plaintiff alleged in his complaint that his discrimination claim was brought under 42 U.S.C. § 1983, in Plaintiff's response to Defendant's motion for summary judgment, Plaintiff stated that he does not dispute Defendant's motion for summary judgment as to his § 1983 claim. (ECF No. 36 at 1). Accordingly, the court grants summary judgment on Plaintiff's § 1983 claim.

1

or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND

The magistrate judge summarized the facts of this action in his Report (ECF No. 51 at 1–10). Briefly, in the amended complaint, Plaintiff, an African American male, alleges that Defendant, the company that employed him from August 20, 2007, to February 19, 2015, discriminated against him based on his race. (ECF No. 1). Over the course of his employment, Plaintiff worked as a packer, line tech, CMM tech, and quality auditor. (ECF No. 51 at 4–5).[2] As a quality auditor, he received performance based discipline on June 25, 2014; September 15, 2014; November 18, 2014; and February 19, 2015. *Id*. at 7-8. Defendant discharged Plaintiff upon issuing his February 19, 2015 discipline. *Id*. at 8. Plaintiff argues that race was a factor in his discharge due to the fact that E.Y., a white employee, remained employed by Defendant despite also receiving four disciplinary actions.[3] *Id*. Defendant argues that it retained E.Y. because he had not received four disciplinary actions within a 12-month period and that Defendant consistently discharged employees receiving four disciplinary actions within a 12-month period. *Id*. at 8-9. Defendant argues that it applied its Corrective Counseling and Discharge Policy so as to never allow an employee to remain employed with the company if he or she received four disciplines within 12 months. *Id*. Further, according to Defendant, if an

---

[2] No party objected to the facts as presented by the magistrate judge in the Report.
[3] E.Y. received disciplinary actions on November 18, 2014; June 26, 2015; August 10, 2015; and December 2, 2015. (ECF No. 51 at 8).

2

employee received three disciplines within 12 months and received another discipline after the 12-month anniversary of receiving the earliest discipline, his or her earliest discipline would roll off and he or she would receive a repeat of the last discipline rather than a discharge as long as the last infraction constituted an offense that the company did not consider sufficiently serious as to skip a step and proceed with termination. *Id*. As noted above, Plaintiff seeks relief pursuant to the Title VII and 42 U.S.C. § 1981. *Id*. at 1.

## II.  APPLICABLE LAW

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c), (e); *Celotex Corp*., 477 U.S. at 322.

Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id*. at 248.

### III. DISCUSSION

In his Report, the magistrate judge recommended that Defendant's motion for summary judgment be granted. (ECF No. 51 at 17). Assuming for the purposes of the Report that Plaintiff could establish a prima facie case of race discrimination, the magistrate judge found that Defendant articulated a legitimate, nondiscriminatory reason for its termination of Plaintiff's employment and that no reasonable trier of fact could find that Plaintiff's race was the reason he was terminated from employment. *Id*. Plaintiff articulated two objections to the Report. (ECF No. 52).

First, Plaintiff alleges that the magistrate judge erred by finding that Defendant showed a legitimate, nondiscriminatory reason for Plaintiff's dismissal because Defendant's 12-month rolling practice was not stated in Defendant's employee handbook, because employees are not notified of this practice during employment, and because Defendant provides no proof of where the practice is implemented into written policy. (ECF No. 52 at 6).

However, this objection merely repeats Plaintiff's arguments from his brief. As the magistrate judge found, Defendant articulated a legitimate, nondiscriminatory reason for its termination of Plaintiff: the fact that he had received four disciplinary actions within a 12-month period while E.Y. did not. And Plaintiff failed to meet his burden of showing by a preponderance of the evidence that Defendant's proffered reason was pretext for discrimination.

Plaintiff offers no legal support for his position that the unwritten nature of Defendant's policy or the employee's lack of awareness of the policy establishes that it was used as a pretext for discrimination. (ECF No. 54 at 14). Plaintiff has presented no evidence that the policy was developed post-hoc to substantiate the defendant's decision to terminate his employment. *See Lilly v. Harris-Teeter Supermarket*, 842 F.2d 1496, 1503 (4th Cir. 1988) (noting that there was "no record evidence disputing the existence of the same shift/same department policy" where the employer's "supervisors testified that they attempted to [apply the policy]" and the "plaintiffs presented no evidence contradicting the testimony of these [employer] witnesses and little independent proof that the policy was developed post-hoc to substantiate [the challenged] promotion decisions."). Further, as the magistrate judge found, Defendant presented evidence showing that it applied the policy in a nondiscriminatory manner—it provided evidence that it terminated the employment of B.G., a Caucasian male quality auditor, after he received four disciplinary actions within a rolling 12-month period. (ECF No. 51 at 15).

Additionally, as noted by the magistrate judge, any possible inference of race-based discrimination is weakened by the fact that the decision-maker as to Plaintiff's discipline and termination is the same race as Plaintiff.[4] *See Orgain v. City of Salisbury, Md.,* 305 F. App'x 90, 103 (4th Cir. 2008) (noting that "[a]lthough the fact that a decision-maker is a member of the

---

[4] It is undisputed that Debbie Shumpert, an African-American female, and Plaintiff's former human resources manager, made the decisions regarding Plaintiff's discipline and discharge. (ECF Nos. 35-1 at 2 and 51 at 16).

same protected class as the plaintiff does not preclude a successful discrimination claim, it substantially weakens any inference of discrimination") (citation omitted). Accordingly, Plaintiff's first objection is without merit.

Second, Plaintiff argues that the magistrate erred by finding that Plaintiff failed to meet his burden showing that Defendant's proffered reason was pretext for discrimination because Plaintiff presented adequate evidence from which a jury could reasonably infer that Plaintiff's race was a motivating factor for his termination. (ECF No. 52 at 7).

Again, Plaintiff largely restates the argument from his brief, which was already addressed by the magistrate judge. He asserts that he showed that Defendant's proffered reason for his termination was pretext by presenting a similarly situated employee of a different race who was disciplined for the same conduct but not terminated. *Id*. He also attempts to distinguish the present situation from that in *Lilly*, 842 F.2d 1496, because, as he states, "While the defendant in *Lilly* did have a similar undocumented policy reason . . . the defendant had numerous incidents where they applied the policy," and argues that B.G. was not similarly situated to him because while Plaintiff received four disciplines for work quality, B.G. received one for horseplay/practical jokes and three for work quality. (ECF No. 51 at 8-9). However, as the magistrate judge stated, Defendant's discharge policy handbook provided that "[c]orrective counseling may call for any of four steps: 1st offense warning, 2nd offense warning, 3rd offense – suspension or termination of employment depending upon the severity of the issue, behavior or problem." (ECF No. 51 at 15). Both Plaintiff and B.G. received suspensions rather than termination on their third offenses and were terminated on their fourth offense, both of which were work quality disciplines. Michael Greene, a Quality Supervisor for Defendant, and Shumpert testified that defendant "applied the Corrective Counseling and Discharge Policy so as

to never allow an employee to remain employed with [the company] if he or she received four disciplines within 12 months." *Id.* As the magistrate judge found, Defendant presented evidence that it applied its policy in a nondiscriminatory way because it terminated the employment of both Plaintiff and B.G. after they each received four disciplines within a 12-month period and did not terminate E.Y. because he had not received four disciplinary actions within a 12-month period. (ECF No. 51 at 16). Plaintiff provides no evidence that the proffered reason was false. He does not dispute that he was disciplined on four occasions, nor did he suggest at any time that any of the disciplinary actions were racially motivated. (ECF No. 51 at 6-9). Further, he does not dispute that a white employee receiving 4 disciplines within a 12-month period was also discharged. Additionally, he has offered no evidence of any employee of any race who was retained by Defendant after receiving four disciplines within 12 months. Accordingly, considering the facts presented, the court agrees with the magistrate judge's conclusion that no reasonable trier of fact could conclude that Plaintiff's race was the reason Defendant was terminated by Defendant. *Lilly*, 842 F.2d at 1504 (stating that it is the plaintiff's "unfulfilled burden to show pretext through discriminatory application [of the defendant's policy].").

Finally, to the extent that Plaintiff argues that the magistrate judge's utilization of the *McDonnell Douglas* pretext framework is misplaced, the court finds that it was appropriately applied in this case because both parties framed their arguments in their briefs pursuant to *McDonnell Douglas*. (ECF Nos. 32 at 20-29 and 36 at 5-8). Further, even if the court were to apply the mixed-motive framework,[5] it would not affect the court's conclusion and Plaintiff's claim is still subject to summary judgment. Under the mixed-motive framework, a plaintiff is

---

[5] *See Thomas v. Delmarva Power & Light Co.,* 715 F. App'x 301, 302 (4th Cir. 2018) ("A plaintiff may establish a discrimination claim under Title VII through two avenues of proof. First, a plaintiff can proceed under the mixed-motive framework, and establish a claim of discrimination by demonstrating through direct or circumstantial evidence that . . . discrimination motivated the employer's adverse employment decision. Second, a plaintiff may proceed under the *McDonnell Douglas* pretext framework.") (internal quotations and citations omitted).

7

required to forecast direct or circumstantial evidence that race motivated, at least in part, the adverse employment action. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 317 (4th Cir. 2005). "To survive summary judgment on the basis of direct and indirect evidence, [the plaintiff] must produce evidence that clearly indicates a discriminatory attitude at the workplace and must illustrate a nexus between that negative attitude and the employment action." *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 609 (4th Cir. 1999), *overruled on other grounds by Desert Palace v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003). As the magistrate judge found, Plaintiff presented no direct evidence of racial discrimination. (ECF No. 51 at 12). Because Plaintiff concedes that he only has circumstantial evidence, the evidence must be "of sufficient probative force to reflect a genuine issue of material fact." *Jacobs*, 780 F.3d at 577 (internal quotation marks omitted). Such evidence includes "conduct or statements that both reflect directly the alleged discriminatory attitude and that bear directly on the contested employment decision." *Id.* at 577-78 (internal quotation marks omitted).

However, Plaintiff has not presented probative circumstantial evidence to raise a genuine issue of material fact or create any inference that race was a motivating factor in his termination. As discussed above, Plaintiff's allegations regarding the treatment of former employees E.Y. and B.G. do not demonstrate any racial animus on the part of Defendant. Additionally, as the magistrate judge noted, Plaintiff never raised a concern that race played a role in any of the disciplinary actions that he received. (ECF No. 51 at 7-9). And the fact that the primary decision-maker regarding Plaintiff's punishment is the same race as Plaintiff further weakens his argument. *Orgain*, 305 F. App'x at 103. Because Plaintiff failed to demonstrate the existence of racial animus, let alone illustrate a nexus between racial animus and his termination, Plaintiff's objection fails and summary judgment is appropriate. *See Anderson*, 477 U.S. at 248-52.

## IV. CONCLUSION

After a thorough review of the Report and the entire record in this case pursuant to the standards set forth above, the court adopts the magistrate judge's Report (ECF No. 51) incorporates it herein. Accordingly, Defendant's motion for summary judgment (ECF No. 31) is **GRANTED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

July 18, 2018
Anderson, South Carolina